UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JEROME L. GRIMES,

    Plaintiff,

v.                                                  CASE NO. 6:17-cv-973-Orl-37GJK

EDWARD KELLY, JR., et al.,

    Defendants.
_____/

## ORDER

This case is before the Court on Plaintiff's Civil Rights Complaint filed pursuant to 42 U.S.C. § 1983 (Doc. 1) and Motion for Leave to Proceed in Forma Pauperis (Doc. 2).

Section 1915(g) of Title 28 limits a prisoner's ability to bring a civil action in forma pauperis under certain circumstances:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Thus, if a prisoner has had three or more cases dismissed for one of the recited reasons, he cannot proceed in forma pauperis and must pay the filing fee in full at the time the lawsuit is initiated. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). Consequently, courts have a responsibility to dismiss cases, even *sua sponte*, under 28 U.S.C. § 1915(g). *See, e.g., Casey v. Scott,* 493 F. App'x 1000, 1001 (11th Cir. 2012).

The Court takes judicial notice of orders entered in the United States District Court for the Northern District of California and the United States District Court for the Western District of Louisiana. In case number 4:15-cv-436-JSW(PR), the Northern District of California noted that "[o]n May 18, 2000, this Court informed Plaintiff that under the 'three-strikes' provisions of 28 U.S.C. § 1915(g) he generally is ineligible to proceed *in forma pauperis* in federal court with civil actions filed while he is incarcerated." (citing *Grimes v. Oakland Police Dep't*, C 00-1100 CW (Order Dismissing Complaint, May 18, 2000)). The court also noted that Plaintiff had filed "hundreds of civil rights actions seeking *in forma pauperis* status." *Id.*; *see also* 4:07-cv-1726-CW(PR). Additionally, the Western District of Louisiana noted that Plaintiff has "filed more than 350 complaints and appeals[, and] [t]hree or more of them have been dismissed as frivolous." *See* Case No. 5:12-cv-3159-EEF-MLH, Doc. 16.[1] A review of PACER confirms that Plaintiff has filed hundreds of actions in several district courts in the United States and has had three or more cases dismissed for failure to state a claim or as frivolous.

Plaintiff has had at least three prior cases dismissed as frivolous or for failure to state a claim. Moreover, Plaintiff has failed to allege that he is under imminent danger of serious physical injury. Therefore, his application to proceed in forma pauperis will be

---

[1] The Court notes that a comparison of the complaints filed in the above-mentioned cases reflects that they were all filed by Jerome L. Grimes and contain the same handwriting and signature.

denied and this action will be dismissed without prejudice. Plaintiff may initiate a new civil rights action by filing a new civil rights complaint form and paying the full filing fee.

Accordingly, it is now **ORDERED AND ADJUDGED**:

1. This case is hereby **DISMISSED** without prejudice.

2. The Clerk of the Court is directed to terminate all pending motions, close this case, and enter judgment accordingly.

**DONE AND ORDERED** in Orlando, Florida this 2nd day of June, 2017.



ROY B. DALTON JR.
United States District Judge

Copies to:
OrlP-1 6/2
Jerome L. Grimes